IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                     CRIMINAL NO. 1:21-cr-80-TBM-RHWR

JOSHUA CHRISTOPHER STOCKSTILL

## ORDER

Joseph Christopher Stockstill pleaded guilty to one count of producing visual depictions of minors engaging in sexually explicit conduct. He was sentenced to a term of 30 years imprisonment on April 27, 2022, and was ordered to pay a special assessment of $10,000 to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act ("AVAA"). After the Fifth Circuit affirmed this Court's judgment, Stockstill filed a Motion for Compassionate Release which this Court denied. Now, Stockstill has filed a Motion [79] challenging the $10,000 AVAA special assessment and a Motion [81] asking this Court to seal its Order [78] denying Stockstill's Motion for Compassionate Release. Both Motions are denied, and the Court will address each in turn.

### I. AVAA ASSESSMENT

After being charged with three counts of producing visual depictions of minors engaging in sexually explicit conduct and one count of possessing visual depictions of a minor under the age of twelve years old engaging in sexually explicit conduct, Stockstill entered into a plea agreement with the Government. He agreed to plead guilty to count 1 of the superseding indictment in exchange for the Government moving to dismiss the remaining counts. As part of his plea agreement, Stockstill waived his right to seek post-conviction relief. Specifically, Stockstill agreed to waive "the right to contest the conviction and sentence . . . in any post-conviction proceeding, on any ground

whatsoever." [42], ¶ 8.b. The Court entered its Judgment [52] on April 27, 2022, outlining Stockstill's sentence, which includes a 30-year term of imprisonment, a one-hundred dollar special assessment, a three-hundred dollar restitution payment, and a $10,000 AVAA assessment. Because Stockstill waived his right to seek post-conviction relief as part of his plea agreement, his Motion [79] challenging the $10,000 AVAA special assessment must be denied.

To be sure, at his change of plea hearing, the Court confirmed that Stockstill fully understood the terms of the plea agreement, including the consequences of the waivers contained within in the plea agreement. [62], pps. 12, 15-16. In fact, the Court specifically asked whether Stockstill was "voluntarily waiving the right to appeal the conviction and sentence imposed in this case?" *Id.* at p. 16. To which Stockstill answered, "yes, sir." *Id.* The Court further confirmed that Stockstill entered into the plea agreement knowingly and voluntarily. *Id.* Notably, Stockstill did not object to the AVAA assessment at sentencing.

The Fifth Circuit has held that "a defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of an appeal." *United States v. Madrid*, 978 F.3d 201, 205 (5th Cir. 2020) (citation omitted). "By challenging the AVAA special assessment of which he was repeatedly admonished, [Stockstill] is attempting to circumvent the waiver-of-appeal provision contained in the negotiated plea agreement." *Madrid*, 978 F.3d at 205. In accordance with his plea agreement, he is prohibited from doing so. As a result, Stockstill's Motion [79] challenging the $10,000 AVAA special assessment is denied.

In the alternative, and out of an abundance of caution, the Court also notes that Stockstill's Motion [79] is untimely by any measure. *See* 18 U.S.C. § 3664(o). The Judgment was entered on April 27, 2022, and Stockstill's Motion was not filed until September 22, 2025—over three years

later. Since the special assessment was part of Stockstill's sentence, he could have challenged it under Rule 35 of the Federal Rules of Criminal Procedure. But such a challenge may only be brought "[w]ithin 14 days after sentencing." FED. R. CRIM. P. 35. Any challenge by Stockstill under Rule 35 is therefore untimely.[1] Similarly, Stockstill could have sought appellate review of this Court's imposition of the special assessment under 18 U.S.C. § 3742(a) within 14 days of judgment. FED. R. APP. P. 4(b)(1)(A)(i). He did not, however, and any such motion is also untimely.[2]

## II. MOTION TO SEAL

Stockstill has also filed a Motion [81] asking this Court to seal its prior Order [78] denying Stockstill's Motion for Compassionate Release. In determining whether a document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419.

The Fifth Circuit has held that "courts are duty-bound to protect public access to judicial proceedings and records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). "Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le*, 990 F.3d at 417. And "[t]he public's right of access to judicial records is a fundamental element of the rule of law." *In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 964 F.3d 1121, 1123 (D.C. Cir. 2020). It is for these reasons that courts "heavily disfavor sealing

---

[1] Although this Court may reduce a sentence outside the 14-day window, it may do so only "upon the government's motion" when a defendant, after sentencing, provides substantial assistance investigating or prosecuting another person. FED. R. CRIM. P. 35(b). This exception does not apply as the Government has not filed such a motion.

[2] To the extent Stockstill seeks relief under 18 U.S.C. § 3664(d)(5), "[t]his provision does not apply when a *defendant* seeks to amend a restitution order." *United States v. Salamon*, No. 3:09-cr-30021-MAP, 2023 WL 5806744, *3 (D. Mass. Aug. 8, 2023) (citing *United States v. Pelletier*, 1:06-cr-00058-JAW-01, 2017 WL 5162800, at *9 (D. Me. Nov. 7, 2017)). Nor is relief under 18 U.S.C. § 3664(k), 3572, or 3613A appropriate since Stockstill has not demonstrated any material change in his economic circumstances. *Id.*

information placed in the judicial record." *June Med. Servs. L.L.C. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022). Indeed, "the working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

Having determined the public's right of access to judicial records, the Court must now consider Stockstill's interests favoring nondisclosure. In his Motion [81] to seal the Court's Order [78] denying his Motion for Compassionate Release, Stockstill objects to the specifics of his case being revealed—particularly his history as a law enforcement officer. [81], p. 1.[3] According to Stockstill, "word is spreading quickly about it, and I've already been confronted twice." *Id*. Stockstill claims that he will "have to change facilities now—if I'm not killed first." *Id*. Despite his arguments now before this Court, it was Stockstill who chose to file a Motion for Compassionate Release where he downplayed his conduct. In fact, in both his Motion for Compassionate Release and in other writings sent to this Court, Stockstill argued that he is a victim. According to Stockstill, he is being punished for being a police officer and further claims that his conduct does not justify the sentence he received. Stockstill is seemingly not alone in this thinking, as the Court has also received letters containing similar arguments from a family member. Because of the attempts to mischaracterize Stockstill's conduct, this Court found it necessary to address the counterpoints of Stockstill's argument for the benefit of the public record. For these reasons, sealing such information placed in the judicial record is improper.

To be sure, "such bare assertions, without more, do not establish that the presumption of public records should be overcome and that the entire action should be sealed. Courts demand

---

[3] Stockstill asserts that his appeal to the Fifth Circuit was sealed, but this is inaccurate. The Fifth Circuit did grant Stockstill's motion to restrict his brief to prevent any descriptions of the minor victims from being released to the public, and secondarily, for Stockstill's protection in prison. But the appeal as a whole was not sealed or restricted. And apart from Stockstill's brief, no other documents were restricted from the public.

4

more from litigants than a naked assertion that the information could potentially be misused if sealing is not granted." *Fields v. City of Sherman, Texas*, No. 4:18-cv-821-ALM, 2018 WL 11339879, *2 (E.D. Tex. Nov. 28, 2018). Indeed, "[t]he public has an interest in transparent court proceedings that is independent of the parties' interests." *In re Gee*, No. 19-30953, slip op. at 8, 2019 WL 13067384 (5th Cir. Nov. 27, 2019) (Elrod, J., concurring) (emphasis omitted). Because the Fifth Circuit has held that "courts should be ungenerous with their decision to seal judicial records," the Court finds that Stockstill's Motion [81] to seal the Court's Order [78] denying his Motion for Compassionate Release is denied. *Binh Hoa Le*, 990 F.3d at 418.

### III. CONCLUSION

IT IS ORDERED that Joseph Christopher Stockstill's Motion [79] challenging the $10,000 AVAA special assessment is DENIED.

IT IS FURTHER ORDERED that Joseph Christopher Stockstill's Motion [81] to seal the Court's Order [78] denying Stockstill's Motion for Compassionate Release is DENIED.

This, the 9th day of June, 2026.

                        TAYLOR B. McNEEL
                        UNITED STATES DISTRICT JUDGE